KLEINFELD, Circuit Judge,
dissenting from denial of rehearing en banc:
I join in Judge Kozinski’s thorough dissent, but write separately to show just how simple this case should have been. As Judge Thompson pointed out in his dissent from the panel’s decision, the statute is mandatory. Congress commands that the agency “shall approve” state programs “unless” one or more of nine conditions are not met. The “shall/unless” formula makes the nine condition list exclusive, and *402 courts cannot add conditions to the .list.[1] The language has the look of a careful legislative compromise necessary to get the votes for passage.[2] The statute leaves no room for conditions ten, eleven, or whatever else we may think Congress should have added.[3]

. See, e.g., Department of Transp. v. Public Citizen, 541 U.S. 752, 767, 124 S.Ct. 2204, 159 L.Ed.2d 60 (2005).

. Cf. Weyer v. Twentieth Centwy Fox Film Corp., 198 F.3d 1104, 1113 (9th Cir.2000) (“Legislation often results from a delicate compromise among competing interests and concerns. If we were to 'fully effectuate' what we take to be the underlying policy of the legislation, without careful attention to the qualifying words in the statute, then we would be overturning the nuanced compromise in the legislation, and substituting our own cruder, less responsive mandate for the law that was actually passed.”).

.Cf. Longview Fibre Co. v. Rasmussen, 980 F.2d 1307, 1312-13 (9th Cir.1992).